John W. CARWELL, Respondent,

v.

Maurice D. COPELAND, Appellant.

No. WD 32322.

Missouri Court of Appeals, Western District.

March 9, 1982.

---

June Clark, Kansas City, for appellant.

Frederick H. Riesmeyer, II, Kansas City, James R. Shetlar, Overland Park, Kan., for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant Copeland, defendant in the cause below, appeals from the order of the trial court dismissing appellant's counterclaim on the basis of forum non conveniens. The order of dismissal is affirmed.

The somewhat unusual background of this case developed as follows. Carwell and Copeland, both residents of Kansas, entered into a transaction August 26, 1969, whereby Carwell loaned Copeland $40,000.00 to be repaid with interest on demand. The funds were advanced and a note was signed at the City National Bank in Kansas City, Missouri, where repayment was specified to be made. Upon default in payment, Carwell commenced suit against Copeland in the Circuit Court of Jackson County, Missouri, alleging that jurisdiction over the action lay in Missouri under § 506.500, RSMo 1978 because the promissory note was a contract made in Missouri. Process issued to Copeland in Kansas.

Under a procedure unknown to Missouri law, Carwell caused to be filed in Kansas a "Notice of Pending Action," the purpose of which was to afford public notice in Kansas of the pending suit and Copeland's potential liability should Carwell prevail. The notice erroneously indicated that the suit was pending in Jackson County, *Kansas*. It appears that the filing of the notice created a lien or potential lien on real estate Copeland owned in Kansas and that the notice was improvidently filed because Kansas statutes authorize the filing of such notices only as to suits pending in the state courts of Kansas or in United States courts sitting in Kansas.

Copeland responded by filing a "Counterclaim and Setoff" in the suit Carwell had commenced and sought damages for abuse of process, slander of title and the wrongful filing of the notice. Before those issues were reached on the merits, Carwell moved for and was granted summary judgment on the claim for recovery of the balance due on the note. Judgment was entered against Copeland for $34,150.00 principal, $22,335.52 interest and $5,648.55 attorney fees. Apparently that liability was not subject to contest. Thereafter, Carwell moved to dismiss the counterclaim, the only matter then remaining pending, on the doctrine of forum non conveniens. The court sustained the motion and this appeal followed.

Copeland contends the dismissal of his claim resulted from an erroneous application of the forum non conveniens doctrine. He suggests that doctrine is to be applied sparingly and with caution only in exceptional cases. Particularized as to the facts of this case, Copeland relies substantially upon the circumstance that the choice of the Missouri forum was made by Carwell, not by him, and upon what he perceives as an interrelationship between the suit on the note and the counterclaim.

■ The scope of review of an order dismissing a cause under the doctrine of forum non conveniens is to ascertain whether the trial court has abused its discretion. *Rozansky Feed Co., Inc. v. Monsanto Company*, 579 S.W.2d 810 (Mo.App.1979). Discretion is abused only if the ruling is against the logic of the circumstances and if

reasonable men could not differ as to the decision. *Morrow v. Zigaitis*, 608 S.W.2d 427 (Mo.App.1980). In the exercise of discretion when confronted with a forum non conveniens problem, the court should consider the place where the cause of action accrued, the location of witnesses, the residence of the parties, any nexus with the place of suit, the convenience to or burden upon the court and the availability of another forum to which the complaining party may have recourse. *State ex rel. Chicago, Rock Island and Pacific Railroad Company v. Riederer*, 454 S.W.2d 36, 39 (Mo. banc 1970).

■ The facts of the matter here make no case upon which Copeland may complain that the trial court abused its discretion in sustaining the motion for dismissal. The counterclaim results from the filing in Kansas of the notice of suit, an act and a procedure identified with Kansas and its law. The parties reside in Kansas, the damage of which Copeland complains occurred in Kansas and, according to Carwell's suggestions presented to the trial court, all witnesses live in Kansas. Moreover, there is no interrelationship between the suit on the note and the counterclaim, as Copeland argues, because they did not arise out of the same transaction. Disposition of the principal case was and is immaterial to the cause of action advanced in the counterclaim. Whether Carwell prevailed or lost in that suit has no effect whatever on Copeland's entitlement to redress for the wrongful filing as he alleges in his claim.

Missouri courts were available to resolve the suit on the note, a transaction entered into in Missouri. That phase of the controversy is concluded and the counterclaim remains standing alone as a separate case to which other facts and different legal principals apply. Copeland has offered no contention that Kansas courts are not available to litigate the claim that the notice of suit was improperly filed there. The most that can be said as to disposition of the motion to dismiss on grounds of forum non conveniens is that reasonable men could differ.

The decision of the trial court is therefore entitled to affirmance.

The judgment is affirmed.

All concur.