RICHARD LEE PETERSEN, Plaintiff-Appellee, *v.* CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant-Appellant.

Fifth District   No. 82—699

Opinion filed August 8, 1983.

James P. Daley, Ronald J. Cuchna and John P. Milroy, of Chicago, for appellant.

Randolph E. Schum and Paul L. Pratt, P.C., both of East Alton, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Richard Lee Petersen, filed an action for damages in Madison County, Illinois, under the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1976)), alleging that he sustained personal injuries while employed by defendant, Chicago and North Western Transportation Company. Defendant's motion to dismiss the complaint based upon the grounds of *forum non conveniens* was denied by the trial court. This court granted defendant's petition for leave to appeal under the provisions of Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)).

In support of its motion to dismiss on the grounds of *forum non conveniens*, defendant filed the affidavit of John H. Caster, the assistant vice-president of general claims for defendant. Mr. Caster's affidavit stated, *inter alia*, that: (1) plaintiff was a resident of Martensdale, Iowa, which is approximately 340 miles from the county seat of Madison County; (2) the incident upon which plaintiff's action is based occurred at Des Moines, Iowa, which is also about 340 miles from the county seat of Madison County; (3) defendant is a Delaware corporation with its principal office at Chicago, Illinois; (4) defendant's "employees who were fellow workers and supervisors of plaintiff at the time of said incident and whose appearance may be required as witnesses at the time of trial, reside in or near Des Moines, Iowa"; (5) "plaintiff was treated for injuries as a result of the alleged occurrence at Iowa Methodist Medical center which is located in Des Moines, Iowa"; (6) "it may be necessary to call as witnesses physicians who have treated or examined the plaintiff as a result of his alleged in-

juries, including Dr. J. Fellows from Des Moines, Iowa"; and (7) trial in Madison County, Illinois, would cause a severe economic burden and inconvenience for each witness.

Defendant also filed a memorandum of law in support of its motion to dismiss. Included in defendant's memorandum were statistics obtained from the Administrative Office of the Illinois Courts which indicated that in 1981 the average delay from the date of filing to the date of verdict in civil cases in excess of $15,000 in Madison County was 34.5 months and that in 1980 the delay was 32.9 months.

Plaintiff filed an affidavit and memorandum in opposition to defendant's motion to dismiss. Among other things, this document stated that: the defendant had its principal place of business in Chicago and owned track, equipment, and buildings in Madison County; plaintiff's attorneys were appointed by plaintiff's union and there were no union appointed attorneys in Iowa; and, based upon the experience of plaintiff's attorneys, FELA cases are tried on the average within 18 months of filing.

The legal memoranda of both parties argued at length that the trial court should balance the relevant factors in their favor. Oral arguments concerning the defendant's motion to dismiss on the basis of *forum non conveniens* were heard by the trial court on July 14, 1982, and on November 3, 1982, the trial court entered an order which simply stated that defendant's motion was denied. It is this order which defendant has appealed to this court. We reverse.

■ Before considering defendant's contention on appeal that the trial court abused its discretion in denying its motion to dismiss, we address two assertions made by plaintiff in his brief. First, plaintiff, relying on *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 152 N.E.2d 385, maintains that defendant's motion to dismiss on the basis of *forum non conveniens* was inadequate because it failed to name the potential witnesses to be called and specify the type of testimony anticipated. We do not agree. The motion rejected by the court in *Cotton* for lack of specificity did not indicate the particular witnesses whose testimony was anticipated to be presented. Such a motion provided less particularity than the information provided by the motion and supporting affidavit in the instant case. While the motion in *Cotton* vaguely referred to "occurrence witnesses" and "doctors" (14 Ill. 2d 144, 168, 152 N.E. 2d 385, 397), the affidavit in this case specifically refers to witnesses who are "fellow workers and supervisors of plaintiff" and names a particular doctor as the treating physician. Additionally, we note that the United States Supreme Court in *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235,. 70 L. Ed. 2d 419,

102 S. Ct. 252, rejected a similar contention that specificity is required in a motion to dismiss on the basis of *forum non conveniens*.

■■ Plaintiff further contends that the question regarding the propriety of the forum must be determined subsequent to a trial of the cause. Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)) expressly authorizes the allowance of a petition for leave to appeal from an order of the circuit court denying a motion to dismiss on the grounds of *forum non conveniens*. Further, the rationale underlying the doctrine of *forum non conveniens* is that it promotes fairness and efficient judicial administration. (*Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 117, 427 N.E.2d 111, 114.) To permit the parties to fully litigate a case and then determine that the forum was not appropriate would defeat these purposes. For these reasons, we reject plaintiff's contention that the determination of the propriety of the forum should be delayed.

Defendant contends on appeal that the trial court's determination that the doctrine of *forum non conveniens* does not prevent this cause from proceeding to trial in Madison County, Illinois, was an abuse of discretion. We agree.

■■ *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111, is dispositive of the instant appeal. In *Espinosa,* our supreme court stated that a plaintiff's selection of a forum should not be disturbed under the doctrine of *forum non conveniens* unless the balance of relevant factors required to be analyzed strongly favors the defendant. (86 Ill. 2d 111, 119, 123, 427 N.E.2d 111, 115, 117.) According to the *Espinosa* court, among the relevant factors to be considered are: (1) the interest of plaintiff in choosing his forum; (2) the extent of the connection between the action and the forum; (3) access to sources of proof; (4) the availability and cost of obtaining witnesses; (5) the availability of compulsory process for attendance of unwilling witnesses; (6) the possibility of viewing the premises; (7) the burden of jury duty on citizens of the forum; and (8) judicial congestion in the forum. 86 Ill. 2d 111, 118-19, 427 N.E.2d 111, 115.

■■ Only the first factor listed above weighs heavily for plaintiff in the case at bar. Our courts have long recognized that strong considerations of policy favor a plaintiff's choice of forum in FELA cases. (See *Liepelt v. Norfolk & Western Ry. Co.* (1978), 62 Ill. App. 3d 653, 658, 378 N.E.2d 1232, 1238, *reversed on other grounds* (1980), 444 U.S. 490, 62 L. Ed. 2d 689, 100 S. Ct. 755, *rehearing denied* (1980), 445 U.S. 972, 64 L. Ed. 2d 250, 100 S. Ct. 1667.) Nevertheless, as observed by the court in *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378, 444 N.E.2d 157, 162-63, "there are numerous cases

which properly accord less deference to a foreign plaintiff's choice of forum. (*E.g., Piper Aircraft Co. v. Reyno* \*\*\*; see *Espinosa v. Norfolk & Western Ry. Co.* \*\*\* (plaintiff's nonresidence is a factor favoring dismissal).)'' In the case at bar, the policy considerations favoring an FELA plaintiff's choice of forum are the result of the express provisions of the Federal Employer's Liability Act. However, consideration is required to be given to the factors set out in *Espinosa*; and, when that is done, we conclude that the trial court erred in denying defendant's motion. The fact that plaintiff files an FELA action does not ensure his choice of forum where, as here, plaintiff selects a forum with virtually no connection with the case. As stated in *Espinosa*, it is desirable to have localized litigation of local controversies. (86 Ill. 2d 111, 119, 427 N.E.2d 111, 115.) In the instant case, the parties, the place of occurrence, and the witnesses are all located in or near Des Moines, Iowa. We conclude, therefore, that it is improper to permit plaintiff to select Madison County, Illinois, as the venue for the trial of his suit.

The other factors required by *Espinosa* to be considered all favor defendant. The primary sources of proof are in Iowa. The witnesses are in Iowa, and the cost of obtaining them would be significant. Compulsory process for such witnesses is not available in Illinois. Further, the burden of jury duty is imposed upon Illinois citizens for this foreign controversy. All of these factors weigh heavily in defendant's favor. Additionally, the condition of the court calendar in the forum selected is a significant consideration. (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6, 273 N.E.2d 353, 356; *Foster v. Chicago & North Western Transportation Co.* (1983), 115 Ill. App. 3d 253, 257-59 (Jones, J., dissenting).) Here, defendant tendered statistics suggesting a rather heavy court calendar in Madison County. This fact also weighs in defendant's favor.

We conclude that the balance of relevant factors strongly favors defendant in the case at bar and that the trial court, therefore, erred by denying defendant's motion to dismiss on the grounds of *forum non conveniens*.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed.

Reversed.

JONES and KARNS, JJ., concur.