Beverly J. **BARRETT**,
Plaintiff-Appellant,

v.

**MISSOURI PACIFIC RAILROAD CO.,**
Defendant-Respondent.

No. 48855.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

Kennard Bruce Woods, Chesterfield, for plaintiff-appellant.

Theodore Joseph Williams, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff appeals St. Louis City circuit court dismissal of her cause of action for personal injuries and property damage on the ground of forum non conveniens.

The petition alleges that plaintiff was injured while operating her motorcycle along Independence Street in Cape Girardeau, Missouri. She charges negligence in the design, construction and defective maintenance of defendant's railroad crossing, tracks and right-of-way. Plaintiff also alleges that defendant's conduct violates § 389.610 RSMo 1978 and that defendant failed to warn travelers of the existing hidden danger. When plaintiff encountered the hazard her motorcycle decelerated violently and she was thrown to the pavement sustaining leg and other injuries.

The casualty occurred on August 28, 1983. Suit was filed February 10, 1984. On April 19, 1984 defendant railroad moved to dismiss on the basis of the doctrine of forum non conveniens. Defendant's counsel filed verified suggestions to support the motion. Plaintiff countered by affidavit of counsel. We gather the basic facts from these sworn statements: (1) Plaintiff lives in St. Clair County, Illinois; (2) defendant is a Delaware corporation with offices, agents, property and operations in St. Louis, Missouri and is amenable to service in Cape Girardeau County, Missouri; and, (3) the incident occurred in Cape Girardeau County which is 120 miles (plaintiff's view) or 150 miles (defendant's view) from St. Louis. (A mileage chart on the official 1983–84 Missouri map indicates the distance to be 115 miles).

Defendant's verified statement suggests a number of other matters based on information and belief: (1) All events mentioned in the petition occurred in Cape Girardeau County and did not arise out of or have any connection with any transactions or occurrences in St. Louis, Missouri; (2) no witnesses, exhibits or any other thing related to the case is located in or near St. Louis; (3) all non-medical witnesses' testimony that "is or may be material" will come from witnesses who reside in Cape Girardeau; (4) medical witnesses with knowledge of plaintiff's medical history or their treatment after the incident and whose presence would be desired at trial reside outside of the City of St. Louis (which would almost certainly preclude their use as live medical witnesses during trial); (5) hospital and medical records are located outside of St. Louis; (6) "It may be necessary" to offer testimony of personnel residing near Cape Girardeau to explain diagrams of the scene with the resulting additional expense to bring them to St. Louis; (7) trial in St. Louis would make it impossible for the jury to view the scene "if such viewing would become necessary or desirable."; and, (8) an already crowded St. Louis circuit court docket would be overloaded by cases like this one.

Plaintiff contends that the court abused its discretion in dismissing her petition by applying the doctrine on these facts and that the decision is premature because the motion precedes any discovery that may confirm the lack of inconvenience to any party or the court should the case remain in St. Louis. She argues: (1) Plaintiff,

plaintiff's counsel and defendant's counsel are all located in or near to St. Louis; (2) defendant has offices and agents in St. Louis and there is no allegation of harassment of defendant or forum shopping; (3) some of plaintiff's doctors are located in St. Clair County, Illinois, closer to St. Louis than Cape Girardeau; and, (4) no witnesses are beyond compulsory process issued from the City of St. Louis circuit court.

Defendant argues: (1) Plaintiff cannot bear her burden to demonstrate an abuse of discretion; (2) that justice is best served by applying the doctrine on these facts; and, (3) the doctrine serves a useful purpose in protecting the court from a free choice of forum by plaintiff.

The factors to be considered by the trial court in applying the doctrine of forum non conveniens are listed in *State ex rel. Chicago, Rock Island & Pacific Railroad Co. v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970). Additional criteria are noted by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Defendant maintains that the trial court reached the correct result in applying these factors to the facts of this case.

■ The doctrine of forum non conveniens was first recognized by our supreme court in *Elliott v. Johnston*, 292 S.W.2d 589, 593 (Mo.1956) and was developed in *Loftus v. Lee*, 308 S.W.2d 654, 661 (Mo.1958). We recently approved an intrastate application of the doctrine in *State ex rel. Blankenship v. Saitz*, 682 S.W.2d 116 (E.D.Mo.App.1984). It is "... to be applied with caution and only upon a clear showing of inconvenience and when the ends of justice require it." *Loftus v. Lee*, 308 S.W.2d at 661. "The doctrine cannot be applied by the trial court unless the court in which the action is filed has jurisdiction of the subject matter and venue is proper." *Blankenship*, at p. 117. By its nature the decision must be on a case by case basis but the basic factors guiding the trial court have been determined.

Those factors include place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy. *Riederer*, 454 S.W.2d at 39. In addition "the availability of compulsory process for the attendance of unwilling witnesses, the costs of obtaining the attendance of willing witnesses, and the opportunity to view the premises at which the injury occurred" are factors noted by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*, 67 S.Ct. at 843. Another consideration which may be primary and overriding is a finding that plaintiff's chosen forum is so unrelated to the cause of action, plaintiff's residence, and defendant's office or residence as to constitute "fraudulent procurement" i.e. harassment. Such finding is not a prerequisite to application of the doctrine but it would suffice to justify dismissal. *Gulf Oil Corporation v. Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062.

■ The principles of jurisdiction and venue described in statute and Supreme Court rule do not confer an unlimited right in the plaintiff to select the forum, "although a plaintiff's freedom to select a forum is significant ..." *Moore v. Chicago & Northwestern Transportation Company*, 99 Ill.2d 73, 75 Ill.Dec. 423, 426, 457 N.E.2d 417, 420 (1983). In *Torres v. Walsh*, 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601, 607 (1983) the court approved intra-state application and gave as a justification the avoidance of unnecessary hardship, promotion of fair play and to discourage "jury" shopping.

■ We review for abuse of discretion, which occurs "only if the ruling is against the logic of the circumstances and if reasonable men could not differ as to the decision." *Carwell v. Copeland*, 631 S.W.2d 669, 670–671 (Mo.App.1982). Absent a finding of "fraudulent procurement" the court should honor the plaintiff's choice

of forum if reasonable men could differ with the decision to dismiss. *Id.*

The only fact known to the trial court which connects plaintiff's cause of action with Cape Girardeau County is that the event occurred there. No non-medical witnesses have been identified. Defendants suggest only that witnesses "whose testimony may be material" reside in that area. If there are such witnesses their number, if any, and unavailability to travel 115–150 miles is unknown. The location of evidence concerning the design, construction and maintenance of the roadway intersection with the railroad tracks in question is unknown but may be in St. Louis. The same is true of medical witnesses who may be called by either party. They are not yet identified. Further, remoteness may be viewed in terms of both distance and time to travel the distance. The distance is approximately 115 miles and the travel time at 55 miles an hour just over two hours. By modern methods of travel the distance is not great.

No unusual circumstance has been shown to make it clear that a viewing of the scene by the jury may be advisable or likely. The event of jury viewing is rare.

It is not clear that this suit is a precursor of a type of suit that would flood the City of St. Louis circuit court with like cases. Nor does it present a threat to timely management of other cases within the city. Defendant suggests that a period of one year between the time a case is at issue in the City of St. Louis and the time of trial is not unusual. Even if true that fact does not establish or prove inconvenience on the courts or the residents of the City of St. Louis one of whom is the defendant. There is no apparent inconvenience based upon presently developed facts for either party or their local St. Louis counsel. Plaintiff resides nearby and defendant has offices and agents in the city. Further there is no evidence of "fraudulent procurement" or harassment in the St. Louis forum.

Plaintiff may proceed elsewhere. However, suit in Illinois would be less related to the cause of action occurring in Cape Girardeau County than the City of St. Louis and the parties would not have the convenience of compulsory process. All Missouri witnesses reside within 115 miles (approximately) and two and one-half hours of travel time from either Cape Girardeau or St. Louis (depending on place of suit) and are within the range of compulsory process.

We find that dismissal at the pre-discovery stage was an abuse of discretion. Suit in the "home" city of defendant's offices may or may not become inconvenient for the railroad. No inconvenience to the court or the city has been established, even as to defendant as one of its "citizens." We do not decide that the doctrine may not be applied at a later stage should it develop that many Cape Girardeau witnesses exist and have material evidence that could be better presented there or other factors may become supportive of the application of the doctrine. However, we do not suggest the requirement of a transfer. The decision remains with the trial court but it must be made on existing facts and not what may occur.

We distinguish *Blankenship* where plaintiff sued for medical malpractice in St. Louis County when treatment was in Cole County and where plaintiff and all defendants were located in or near Cole County. The one corporate defendant with a registered agent located in the County of St. Louis in fact did business in Cole County and had no other connection with the County of St. Louis.

Respondent railroad has correctly argued to this court that the doctrine of forum non conveniens was recognized at approximately the same time by Illinois and Missouri and that the development of the doctrine in both jurisdictions has been consistent. Accordingly it relies on a number of Illinois cases where the doctrine was followed.[1]

---

1. *Lowe v. Norfolk & Western Railway Company,* 124 Ill.App.3d 80, 79 Ill.Dec. 238, 463 N.E.2d 792 (1984); *Moore v. Chicago & Northwestern Transportation Company,* 99 Ill.2d 73, 75 Ill.Dec. 423,

The common thread of these cases was that the only connection with the chosen forum and the suit was defendant's local availability of service. Each involved the application of law foreign to the jurisdiction and the elements of inconvenience were established facts.

 We find the opinions of our supreme court in *Loftus v. Lee*, 308 S.W.2d 654 (Mo.1958) and of this court in *Ingle v. Illinois Central Gulf Railroad Co.*, 608 S.W.2d 76 (Mo.App.1980) more on point. In *Loftus* the supreme court reversed application of the doctrine where a Kansas plaintiff sued a Kansas defendant for personal injuries sustained in Kansas. The only contact with Missouri was service on a defendant who attended school in Missouri. The court there held that the doctrine of forum non conveniens should "be applied with caution and only upon *clear* showing of inconvenience of forum and when the ends of justice require it." (emphasis added) 308 S.W.2d at 661. In *Ingle* the court considered complaints similar to those of respondent and found that the preliminary complaints did not prove to be prejudicial or to present the predicted difficulties. 608 S.W.2d at 79. This result is as likely if not probable here. Unless the fears mature into demonstrable inconvenience amounting to unfairness, application of the doctrine is an abuse of discretion at the motion stage of the proceeding.

We reverse and remand.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

426, 457 N.E.2d 417, 420 (1983); *Wieser v. Missouri Pacific Railway Company*, 98 Ill.2d 359, 74 Ill.Dec. 596, 456 N.E.2d 98 (1983); *Torres v. Walsh*, 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (1983); *Petersen v. Chicago & North Western Transportation Company*, 117 Ill.App.3d 163, 72 Ill.Dec. 722, 453 N.E.2d 27 (1983); *Espinosa v. Norfolk & Western Railway Company*, 86 Ill.2d 111, 56 Ill.Dec. 31, 427 N.E.2d 111 (1981).