**Donald and Linda MEYERKORD, Plaintiffs–Appellants,**

v.

**Milton T. ENGLISH, Laura Magruder, Dawn Marie Porter, Defendants–Respondents.**

**No. 53366.**

Missouri Court of Appeals, Eastern District, Division Two.

April 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 6, 1988.

Case Transferred to Supreme Court June 14, 1988.

Case Retransferred to Court of Appeals Oct. 18, 1988.

Original Opinion Reinstated Oct. 26, 1988.

James Peter Leonard, St. Louis, for plaintiffs-appellants.

James Allen Endicott, Kirksville, Ralph K. Soebbing, Denis C. Burns, St. Louis, for defendants-respondents.

STEPHAN, Presiding Judge.

Plaintiffs appeal the forum non conveniens dismissal of their wrongful death action. The action was originally brought in St. Charles County on March 24, 1987 and was dismissed May 15, 1987. We reverse and remand.

Plaintiffs alleged in their petition that their deceased daughter, Robin Meyerkord, was a passenger in the car of defendant Dawn Marie Porter, a resident of St. Charles County. Porter and Meyerkord were traveling in a northwardly direction on U.S. Highway 63 in Kirksville, Adair County, Missouri. Defendant Milton English, a resident of Adair County, was southbound on Highway 63. English collided with Porter's car when he swerved to avoid defendant Laura Magruder who was backing her car onto Highway 63. Magruder is also a resident of Adair County. As a result of the ensuing collision, Robin Meyerkord was killed.

Service of process was made on English and Magruder by the Sheriff of Adair County. The Sheriff of St. Charles County served Porter at her home.

Magruder answered separately on April 17, 1987, and Porter filed her answer on April 22, 1987. Neither of these answers contested the forum selection of the action.

On April 13, 1987 English filed a verified motion to dismiss on grounds of forum non conveniens along with supporting suggestions. English alleges in his motion: (1) The cause of action arose in Adair County, Missouri. (2) Defendant English is a resident of Adair County, Missouri. (3) Defendant Magruder is a student at Northeast Missouri State University and resides in Adair County. (4) Defendant Porter is also a student at Northeast Missouri State University and resides on campus. (5) All of the occurrence and post-occurrence witnesses reside in Adair County. (6) The distance between Kirksville and St. Charles is 184 miles.

Interrogatories were served on the plaintiffs by defendant Magruder and answers were filed. These answers constitute all of the discovery that took place before the action was dismissed.

Plaintiffs argue that the trial court erred in dismissing the action on forum non conveniens grounds for two reasons. The first is that plaintiffs were not given an opportunity to discover the nature, extent and relevancy of the "witnesses". Second, the

record did not support dismissal because there was a sufficient nexus between the action and St. Charles County.

■ The doctrine of forum non conveniens should be applied with the utmost caution. *Ingle v. Illinois Central Gulf Railroad Company*, 608 S.W.2d 76, 79 (Mo.App.1980), *cert. denied* 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981). It should only be applied when the defendant has clearly been inconvenienced and the ends of justice require it. *Barrett v. Missouri Pacific Railroad Co.*, 688 S.W.2d 397, 399 (Mo.App.1985).

■ The plaintiffs' choice of forum should be honored unless the plaintiffs were deliberately attempting to vex, harass or oppress the defendants by forcing them to litigate in an inconvenient forum. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). The plaintiffs' choice of forum should, therefore, not be disturbed unless the balance weighs heavily in defendants' favor. *Id.* Convenience to the plaintiffs, who reside in neighboring St. Louis County, also merits consideration.

The factors that we must consider in determining if the doctrine of forum non conveniens should apply are:

"... place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy."

*State ex rel. Chicago, R.I. and P.R. Company v. Riederer*, 454 S.W.2d 36, 39 (Mo. banc 1970).

Based on these factors, as they apply to the facts at hand, we can see no reason why plaintiffs' case was dismissed at this early stage. Under § 508.010 RSMo 1986, venue was proper in St. Charles County, because one of the defendants, Dawn Marie Porter, resides there. "When there are several defendants, and they reside in different counties, the suit may be brought in

any such county." § 508.010(2) RSMo 1986. Therefore, there is a sufficient nexus with St. Charles County.

Defendants argue that because the cause of action accrued in Adair County, St. Charles County is an inconvenient forum. They base this assertion on the fact that if trial was held in St. Charles, jury view of the accident site would be impossible. We do not feel that jury view of the accident site is a significant factor. As respondent English concedes in his brief, the event of jury viewing is rare. *Barrett*, 688 S.W.2d at 400. The record before us reveals no unusual circumstances which would require a jury to see the site of the accident.

Respondent also maintains that all fifteen of the occurrence and post-occurrence witnesses reside in Adair County. This is the crux of the case. The trial court basically ruled to dismiss the action based on the allegations of one defendant that all witnesses to the event resided in Adair County. This decision was made after a minimum of discovery: one set of interrogatories served on *plaintiffs* by defendant Magruder.

Plaintiffs were not given the opportunity to discover if the witnesses listed by defendant English in his motion to dismiss were essential and if all possessed relevant information. We note that seven of those listed are students. Since the accident occurred more than a year ago, there may well have been changes in the locations of these witnesses. The record does not reveal whether any of these students are still in school, have graduated, or if they are about to graduate. We agree with plaintiffs' assertion that these residences may be merely transitory and that plaintiffs should be allowed more of an opportunity to investigate. As in *Barrett*, supra, it may be that subsequent developments may militate in favor of application of the doctrine. We hold that dismissal at this stage, however, was premature and an abuse of discretion.

Moreover, two of the defendants answered the petition without questioning venue in spite of the fact that these answers were filed after defendant English filed his veri-

fied motion to dismiss and served copies on the other defendants. The others should have, therefore, been aware of the possibility when they filed their answers.

After balancing the factors we find that the trial court abused its discretion in dismissing on grounds of forum non conveniens. The judgment is reversed and the case is remanded for further proceedings.

KAROHL and PUDLOWSKI, JJ., concur.