Thera Oleta LAVELOCK,
et al., Respondents,

v.

COOPER TIRE & RUBBER
COMPANY, et al.,
Appellants.

No. SC 86904.

Supreme Court of Missouri,
En Banc.

Aug. 2, 2005.

Rehearing Denied Sept. 20, 2005.

Juliet A. Cox, Kansas City, MO, for appellants.

Richard L. Rollings, Jr., Camdenton, Mark E. Parrish, Lee's Summit, William G. Petrus, Springfield, MO, for respondents.

MARY R. RUSSELL, Judge.

Cooper Tire & Rubber Co. ("Cooper Tire") appeals the judgment entered following a settlement agreement it reached with Rodger and Thera Oleta Lavelock ("Customers") in a products liability lawsuit. This Court, on its own motion, transferred this appeal from the court of

appeals prior to opinion.[1] Mo. Const. art. V, sec. 10. The judgment, as modified, is affirmed.

## I. Background

Cooper Tire and Customers resolved their lawsuit by entering into a settlement agreement after much negotiation. Prior to the settlement, the court had entered a protective order to ensure the confidentiality of certain documents associated with the discovery conducted during the case.[2] One provision of the protective order required Customers to return confidential material to Cooper Tire within 20 days of the termination of the cause, and this provision was also incorporated into the settlement agreement. Customers returned the confidential documents to Cooper Tire following the settlement.

While the case was still awaiting a final order of dismissal, however, Customers filed a motion for a protective order that requested preservation of the confidential documents they had returned to Cooper Tire. Customers' motion expressed fear that Cooper Tire would "destroy the returned materials to avoid having to produce them in other lawsuits" and alleged that Cooper Tire had an established history of destroying documents. Cooper Tire opposed Customers' motion and filed its own motion seeking enforcement of the settlement agreement.

The trial court took up both parties' motions and entered a judgment in June 2004, ordering the parties to perform the terms and conditions of the settlement, including the provision requiring Customers to return all confidential documents, and dismissing the underlying cause with prejudice. The judgment, however, also included provisions not contained in the settlement agreement that required Cooper Tire to "preserve and maintain all original transcripts and all copies" of the confidential material Customers sought to protect. It further ordered Cooper Tire to "create and file with the Court an index of all documents it produced [that] were returned to it pursuant to the protective order."

Cooper Tire asserts that the trial court erred in imposing the maintenance and indexing requirements because it could not add provisions in the judgment that went beyond the terms of the settlement agreement.

## II. Did the trial court err in entering terms not in the settlement agreement?

Where parties reach a settlement agreement, the trial court should enter its judgment based on that agreement according to the terms of the parties' agreement and should not impose terms not contemplated or negotiated by the parties. *See Lugena v. Hanna,* 420 S.W.2d 335, 341

---

1. Customers filed a motion to dismiss Cooper Tire's appeal as untimely under Rule 81.07. The motion was taken with the case.

   The intent of Rule 81.07 is to provide a six-month grace period "from the date of final judgment" within which an appellate court may permit a late filing of a notice of appeal. To give meaning to the word "final" as used in Rule 81.07, it must mean the period prescribed by Rule 81.05 within which a judgment becomes a final judgment. *See Block v. Block,* 593 S.W.2d 584, 586–87 (Mo.App.

1979), *overruled on other grounds by Dow v. Dow,* 732 S.W.2d 906, 908 (Mo. banc 1987); *see also Schroff v. Smart,* 120 S.W.3d 751, 755 (Mo.App.2003) (appeals are favored in the law and the right to appeal should be liberally construed).

   Customers' argument is unpersuasive and the motion to dismiss is overruled.

2. The documents include the depositions of expert witnesses and Cooper Tire's employees.

(Mo.1967) ("In the absence of words in the operative part of a general release which indicate an intention to limit or restrict its effect, it must be concluded that the instrument was contemplated and intended to be a complete settlement of all matters between the parties to the release.").

The terms of the settlement agreement did not require Cooper Tire to maintain or index the confidential documents as required by the trial court. Instead, the terms of the settlement agreement required Customers to return the documents to Cooper Tire. Customers did so before seeking protection of the documents. The parties clearly contemplated the handling of the confidential documents post-settlement, but did not include maintenance or indexing requirements as part of their written agreement. The trial court erred in imposing provisions that were not included in the settlement agreement. The portions of the judgment imposing maintenance and indexing requirements as to the confidential documents are stricken and the judgment, as modified, is affirmed pursuant to Rule 84.14.

### III. Conclusion

The judgment, as modified, is affirmed.

All concur.