**1.** The facts of this case are discussed in *Thera Oleta Lavelock, et al. v. Cooper Tire & Rubber*

---

STATE of Missouri ex rel. COOPER TIRE & RUBBER COMPANY, Relator,

v.

The Honorable W. Stephen NIXON, Respondent.

No. SC 86530.

Supreme Court of Missouri, En Banc.

Aug. 2, 2005.

Rehearing Denied Sept. 20, 2005.

Juliet A. Cox, David S. Ladwig, Jerome T. Wolf, Kansas City, MO, for Appellant.

Richard L. Rollings, Jr., Camdenton, MO, Anthony M. Totta, Mark E. Parrish, Lee's Summit, MO, Robert M.N. Palmer, William G. Petrus, Springfield, MO, for Respondent.

PER CURIAM.

Cooper Tire & Rubber Co. ("Cooper Tire") seeks a writ of prohibition prohibiting enforcement of a judgment imposing obligations on it to maintain and index certain confidential documents. Cooper Tire also seeks to prohibit enforcement of the order of contempt Respondent imposed on it because it failed to comply with the judgment.[1]

For the reasons expressed in *Thera Oleta Lavelock, et al. v. Cooper Tire & Rubber Co., et al.*, 169 S.W.3d 865, 2005 WL 1804886 (Mo. banc 2005) (No. SC86904, decided Aug. 2, 2005), Cooper Tire's direct appeal of the judgment, this Court struck from the judgment the maintenance and indexing requirements that Cooper Tire

---

*Co., et al.*, 169 S.W.3d 865 (Mo. banc 2005) (No. SC86904, decided Aug. 2, 2005).

challenges in this writ proceeding. A contempt judgment cannot be based on willful disobedience of an order not lawfully made by the trial court. *Mo. Elec. Power Co. v. City of Mountain Grove,* 352 Mo. 262, 176 S.W.2d 612, 616 (1944).

The disposition of Cooper Tire's direct appeal renders this writ proceeding moot as to the obligation to maintain and index the subject documents. Respondent's issuance of an order of contempt was an abuse of discretion. The preliminary writ is made absolute as modified to prohibit enforcement of the order of contempt.

All concur.