**Doyle CAMPBELL, Appellant,**

v.

**Shirley FRANCIS, Respondent.**

**No. WD 68309.**

Missouri Court of Appeals,
Western District.

July 15, 2008.

Jerold L. Drake, Esq., Grant City, MO, for appellant.

Renna C. Stallings, Esq., Bethany, MO, for respondent.

Before DIV II: HOLLIGER, P.J., LOWENSTEIN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

## FACTS

This case involves the dismissal of a civil action for conversion on the basis of *forum non conveniens*. The Plaintiff, an Iowa resident, owned rental property located in Iowa. His conversion action was brought against an individual resident of Missouri and an Iowa bank. The act underlying the conversion claim was the unauthorized deposit of rent checks in a personal account at a Missouri bank.

Plaintiff–Appellant Doyle Campbell filed his petition in Harrison County, Missouri, joining Shirley Francis and Bank of the West as defendants. In his first count, Campbell alleged that Francis converted money belonging to Campbell by depositing such funds into her personal account. Count two alleged that Bank of the West, successor in interest to Commercial Federal Bank (CFB), had a principal and agent relationship with Francis with respect to her actions as property manager of Campbell's rental properties, making Bank of the West liable for Francis's conversion. Apparently, Francis acted as an agent of CFB, the mortgage holder on Campbell's properties, receiving rental payments due to Campbell and transmitting them to CFB where they were applied to the balance owed on the properties. Campbell alleged that Francis collected rent checks in accordance with this arrangement, but instead of applying them to Campbell's account with CFB, she deposited them in her own personal account in a Missouri bank.

According to the petition, Plaintiff Campbell is a resident of Mount Ayr, Iowa. Defendant–Respondent Bank of the West is a successor in interest to CFB, located in Lamoni, Iowa. Defendant–Respondent Francis is a resident of Cainsville, Harrison County, Missouri, but conducts her business in Lamoni, Iowa.

Defendant Francis moved to dismiss based on the doctrine of *forum non conveniens*. A hearing on the motion was held, with Francis as the sole witness. Francis agreed with the locations of the parties as set out in the petition. She testified that the witnesses she would likely call in her defense resided in Iowa, with the exception of one electrician whom she had hired to work on Campbell's property. Francis explained that most of the interaction between herself, CFB, and Campbell occurred in Lamoni or Mount Ayr, Iowa. She admitted, however, to depositing checks written to Campbell in her personal account in Missouri.

The motion to dismiss focused, in addition to the location of the parties, on the question of whether jurisdiction would lie as to Defendant Bank of the West and on the possible burdens of applying Iowa's substantive law to the matter. At the hearing, defense counsel stressed the additional ground of the court's inability to compel witnesses from Iowa to attend proceedings in Missouri. The circuit court granted Defendant Francis's motion to dismiss for *forum non conveniens*, detailing its reasoning in the order. Eight days later, Defendant Bank of the West filed its motion to dismiss on the same grounds. The court granted Bank of the West's motion as well, relying on its earlier order as the basis for dismissal. Both orders were incorporated into one judgment of dismissal, from which Campbell now appeals.

## STANDARD OF REVIEW

■ The dismissal of a case based on *forum non conveniens* is reviewed under the abuse of discretion standard. *Rozansky Feed Co. v. Monsanto Co.*, 579 S.W.2d 810, 811 (Mo.App.1979). A trial court abuses its discretion when its ruling is "clearly against the logic of the circum-

stances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Anglim v. Mo. Pac. R.R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). The discretion given to trial courts in *forum non conveniens* cases is a "controlled" discretion. *Besse v. Mo. Pac. R.R. Co.*, 721 S.W.2d 740, 742 (Mo. banc 1986). "Trial courts are obliged to give attention to the doctrine and to dismiss cases that have no tangible relationship to Missouri." *Id.* On appeal, only those facts will be considered that were before the trial court when it ruled on the motion to dismiss, and the evidence will be viewed in a light favorable to the judgment. *Anglim*, 832 S.W.2d at 303.

### DISCUSSION

■■■ The doctrine of *forum non conveniens* allows trial courts discretion to refuse to exercise jurisdiction, where jurisdiction and venue are otherwise proper, if the forum is *seriously inconvenient* for the trial of the action and a more appropriate forum is available to the plaintiff. *State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386, 392 (Mo.App.2000). The doctrine is to be applied with caution and only upon a "clear showing of inconvenience and when the ends of justice require it." *Id.* at 394. A plaintiff's choice of forum should not be disturbed except for "weighty reasons" and the case should be dismissed for *forum non conveniens* only if the balance is "strongly in favor" of the defendant. *Taylor v. Farmers Ins. Co.*, 954 S.W.2d 496, 501 (Mo.App.1997).

■■■ Factors for this determination include:

(1) the place of accrual of the cause of action;

(2) the location of witnesses;

(3) the residence of the parties;

(4) any nexus with the place of suit;

(5) the public factor of the convenience to and burden upon the court; and

(6) the availability to the plaintiff of another court with jurisdiction over the cause of action affording a forum for the plaintiff's remedy.

*Chandler v. Multidata Sys. Int'l Corp.*, 163 S.W.3d 537, 545 (Mo.App.2005). This list, however, is not an exclusive listing of factors to be considered in deciding whether to apply the doctrine of *forum non conveniens. Anglim*, 832 S.W.2d at 302–03. Furthermore, the weight assigned to each factor taken into consideration by the court varies because application of the doctrine is fact intensive and depends upon the circumstances of each particular case. *State ex rel. Kansas City S. Ry. Co. v. Mauer*, 998 S.W.2d 185, 189 (Mo.App. 1999).

■■■ In this case, the focus of the trial court's determination should have been the close proximity of Harrison County, Missouri, to the place where the parties interacted and to the residence of each party. First, Defendant Francis is a Missouri resident and lives in Harrison County. Missouri courts have noted that it is seldom impermissibly inconvenient to sue a defendant at that defendant's place of residence. *Anglim*, 832 S.W.2d at 304; *Besse*, 721 S.W.2d at 743. In an effort to overcome this barrier, defense counsel argued that the inconvenience lay in the inability to summon witnesses from across state lines. Francis testified at the hearing that, aside from an electrician from Missouri and herself, any witnesses she might want to call for testimony in the case would be from Iowa. No specific evidence was presented with respect to what witnesses might be necessary or where they resided. Although it is true that the courts of this state lack authority to compel witnesses from outside its borders to attend civil proceedings, live testimony is not the only

method by which a witness may be examined. *See State v. Ivory,* 609 S.W.2d 217, 220 (Mo.App.1980); *Melton v. Ill. Cent. Gulf R.R. Co.,* 763 S.W.2d 321, 323 (Mo.App.1988). According to *Melton,* "[h]aving witnesses testify at trial by deposition remains an approved alternative." 763 S.W.2d at 323. Defendant Francis presented no evidence that it would be difficult to ensure the attendance of any particular witness or witnesses. Even if this were the case, she failed to explain to the court why deposition testimony would not suffice from witnesses who refuse to attend the trial.

 In her motion, Francis raised the issue of jurisdiction over co-defendant Bank of the West. As a non-resident corporation, she claimed, Bank of the West would not be subject to personal jurisdiction in Missouri and could not be brought into this suit.[1] At first glance, this would seem to be the plaintiff's problem and none of Defendant Francis's concern. Francis, though, argued that she might have claims against her co-defendant, and a trial that failed to include such claims would lead to an incomplete resolution of the issues before the court. The eastern district of this court dealt with a similar issue in *Melton*

*v. Illinois. See* 763 S.W.2d at 324. There, a defendant argued that its inability to implead certain Illinois parties as third party defendants in Missouri due to jurisdictional limitations supported a *forum non conveniens* dismissal. *Id.* at 323. In rejecting the defendant's argument, the court explained that there was no reason why the defendant could not pursue an action for contribution in Illinois after the Missouri proceedings were concluded and that it would not dismiss the case based on the inability of a defendant to address such issues through impleader. *Id.* Similarly, this court does not find Defendant Francis's potential inability to bring cross-claims against Bank of the West to be controlling with respect to the convenience of litigating this action in Missouri.

The proximity of Lamoni, Iowa, the town in which Defendant Francis claims her witnesses are located, to Harrison County belies Defendants' claim that the forum is seriously inconvenient. Lamoni is located close to the southern border of Decatur County, Iowa, which is contiguous with the northern border of Harrison County, Missouri. With respect to the logistics of transporting witnesses and evidence to the trial forum, there is no Iowa

---

1. Bank of the West waived any challenge based on personal jurisdiction when it filed its motion to dismiss. Nowhere in the motion did Bank of the West discuss the issue of personal jurisdiction. A defendant waives personal jurisdiction when he is before the court and fails to properly raise the issue. *Shapiro v. Brown,* 979 S.W.2d 526, 529 (Mo.App.1998). Such a waiver exists where the defendant takes or agrees to some step or proceeding in the suit, other than contesting jurisdiction, that is beneficial to the defendant. *See Abrams v. Four Seasons Lakesites,* 904 S.W.2d 37, 38–39 (Mo.App.1995). The doctrine of *forum non conveniens* allows a court with jurisdiction over a matter some discretion to dismiss for convenience considerations. *See Taylor v. Farmers Ins. Co.,* 954 S.W.2d 496, 500 (Mo.App.1997). Thus, a motion to dismiss based on the doctrine presup-

poses that jurisdiction is proper in the motion court. Such a motion does not challenge personal jurisdiction, but requests that the court decline to exercise its jurisdiction over the case. By making this request, a defendant takes the benefit of a step or proceeding which is unrelated to deciding the issue of personal jurisdiction. When Bank of the West filed its motion to dismiss for *forum non conveniens* without contesting personal jurisdiction, it submitted itself to the jurisdiction of the court. It is important to note, however, that Bank of the West's motion was not filed until after the trial court ordered dismissal based on Francis' motion. For this reason, the waiver was not available for consideration by the circuit court and will not be considered by this court in determining the propriety of dismissal based on Francis' motion.

venue that is significantly more convenient than the Missouri court in which this action was filed. The Supreme Court of Missouri considered a similar situation in *Loftus v. Lee. See* 308 S.W.2d 654 (Mo. 1958). In *Loftus*, the plaintiff and defendant were both residents of Kansas, but the suit was filed in Jackson County, Missouri. *Id.* at 655. The suit arose from an automobile accident that occurred in Johnson County, Kansas. *Id.* at 656. Jurisdiction over the defendant in Missouri was achieved by serving her with process while she attended college in the state. *Id.* All of the witnesses were residents of Johnson County, Kansas. *Id.* at 661. The trial court granted the defendant's motion to dismiss for *forum non conveniens. Id.* at 656. On appeal, the Supreme Court reversed, concentrating on the proximity of Johnson County to Jackson County. *Id.* at 661. The Court explained that the two counties were contiguous and separated only by the state line. *Id.* The *Loftus* court's focus on proximity as a key factor to a *forum non conveniens* decision is instructive in the case at bar. As a resident of Missouri, Defendant Francis presents a weaker argument for application of the doctrine than did the defendant in *Loftus*.

■ Defendant Francis also argues that the case would be a burden on the Missouri court system because the trial court might have to apply Iowa law to the case. However, Missouri courts are "capable of applying the laws of other states without creating an undue burden on the court system." *Taylor*, 954 S.W.2d at 502. The mere fact that the trial court must apply a foreign jurisdiction's law to an action does not burden the court enough to support a dismissal. *Id.*

The evidence and arguments put forth by Defendant Francis in support of her motion to dismiss simply did not constitute the type of weighty reasons that tip the balance in a *forum non conveniens* determination strongly in favor of the defendant. For this reason, the forum cannot be said to have been seriously inconvenient for Francis. The circuit court abused its discretion in granting her motion to dismiss.

Defendant Bank of the West set out the same grounds in its motion to dismiss as were argued by Defendant Francis. The trial court's order granting Bank of the West's motion stated that its reasons for doing so were detailed in the prior order granting Francis's motion. Since the only arguments raised by Bank of the West were those deemed insufficient above with regard to Francis's motion to dismiss, the grant of Bank of the West's motion was also an abuse of discretion.

CONCLUSION

The judgment of the circuit court dismissing the plaintiff's case for *forum non conveniens* is reversed, and the case is remanded for further proceedings.

All Concur.