Natalie **ADKINS, et al., Appellant,**

v.

**Jill HONTZ, Respondent.**

**Nos. WD 68998, WD 68999.**

Missouri Court of Appeals,
Western District.

Jan. 30, 2009.

Application for Transfer to Supreme Court
Denied March 31, 2009.

Application for Transfer Denied
May 5, 2009.

Herbert W. McIntosh, Kansas City, MO, for appellant.

Kevin Weakley, Overland Park, KS, for respondent.

Before DIV II: SMART, P.J., HARDWICK, and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

This appeal arises from the dismissal of a wrongful death and survival action, in the Circuit Court of Buchanan County, on the basis of *forum non conveniens*. For reasons explained herein, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

On October 2, 2004, Jill Hontz was driving from Horton, Kansas, toward her home in Wathena, Kansas, with four passengers in the vehicle. No one in the vehicle was wearing a seat belt or safety harness. When Hontz looked down to turn on the radio or pick up her drink, the vehicle veered off the road in Brown County, Kansas. Hontz steered to the left but overcorrected into the on-coming lane of traffic. She turned the steering wheel back to the right, and the car began to roll. All of the passengers were ejected from the vehicle. One of the passengers, thirteen-year old

Malorie Adkins, was seriously injured and died at a hospital in Hiawatha, Kansas, thirty-five minutes after the accident occurred.

On August 25, 2005, Malorie's parents, Natalie and Bryan Adkins, filed a wrongful death lawsuit against Hontz in the Circuit Court of Buchanan County. The court is located in St. Joseph, Missouri, approximately seven miles from Wathena, Kansas. Hontz filed a motion to dismiss for *forum non conveniens,* which the court denied on November 30, 2005. Discovery began in August 2006, and the court docketed the case for a three-day trial to begin on July 18, 2007.

Natalie and Bryan Adkins were named as Administrators of an Estate they opened for Malorie in their home county of Doniphan County, Kansas. On September 29, 2006, the Estate filed a petition for compensatory and punitive damages against Hontz, in the Circuit Court of Buchanan County, to pursue a survival claim for the injuries and pain Malorie suffered prior to her death. The survival action was consolidated with the wrongful death action, and discovery on both claims continued.

Hontz filed a motion for partial summary judgment on the Estate's punitive damages claim. The court granted the motion, denying the claim for punitive damages, finding there was "no genuine issue as to any material fact."

On June 15, 2007, the court held a pre-trial conference and determined that discovery had been completed on the consolidated claims. The depositions of all parties, witnesses, medical and law enforcement personnel had been taken. The parties had designated the deposi-

tion testimony to be read at the three-day trial, and the only live witnesses anticipated were the Adkinses, Hontz, and two experts retained by the Estate and the Adkinses (collectively "Plaintiffs" or "Appellants").

Six days after the pre-trial conference, Hontz filed a motion to reconsider the issue of *forum non conveniens.* The court agreed to reconsider, and the parties filed additional suggestions. On July 15, 2007, a few days before trial, the court dismissed the wrongful death and survival claims on the basis of *forum non conveniens,* citing primarily the minimal contacts with Missouri and the burden on the court's docket.

The Plaintiffs filed a motion to vacate the judgment of dismissal on August 8, 2007. The circuit court denied the motion on September 21, 2007, and the Plaintiffs filed their Notices of Appeal on September 27, 2007. This court dismissed the appeal as untimely. Pursuant to Rule 81.07,[1] the Plaintiffs sought and obtained a special order from this court, on November 20, 2007, granting leave to file the appeal out of time pursuant to Rule 81.07.

### JURISDICTION

◼ Hontz contends this court lacks jurisdiction because the appeal of this case was originally dismissed on October 31, 2007, and the dismissal became final when the mandate was entered on November 16, 2007. The Plaintiffs/Appellants filed a motion for special order to file their appeal out of time on November 2, 2007, but Hontz contends that such motion was not an authorized post-disposition motion under Rule 84.17.[2]

---

1. All Rule citations are to the Missouri Rules of Civil Procedures, unless otherwise indicated.

2. Rule 84.17 permits the filing of the following post-disposition motions on appeal: a motion for rehearing, a motion to modify, and a motion to publish an opinion.

■ Notwithstanding the provisions of Rule 84.17, this court had jurisdiction to grant the special order and consider the appeal under Rule 81.07(a), which provides in relevant part:

When an appeal is permitted by law from a judgment in the trial court, but the time prescribed for filing an ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date the judgment appealed from became final for purposes of appeal and only upon a showing by affidavit, or otherwise, that the delay was not due to appellant's culpable negligence.

The purpose of this rule is to provide a six-month grace period, from the date of final judgment, during which an appellate court has discretion to allow the late filing of an appeal. *Lavelock v. Cooper Tire & Rubber Co.*, 169 S.W.3d 865, 866 n. 1 (Mo.banc 2005). Appeals are favored in the law and should be liberally construed. *Schroff v. Smart*, 120 S.W.3d 751, 755 (Mo.App.2003). This court has previously granted permission to file a motion for special order even when the appeal has been dismissed. *In re Marriage of Chilton*, 540 S.W.2d 237 (Mo.App.1976). Similarly, in this case, the dismissal mandate does not bar the granting of a special order, particularly since the Appellants filed their Rule 81.07 motion well before the mandate was entered.

Hontz further argues the Appellants were not without "culpable negligence" as required by Rule 81.07(a) for the late filing of an appeal. Culpable negligence is defined as "[n]egligent conduct that, while not intentional, involves a disregard of the consequences likely to result from one's actions." BLACK'S LAW DICTIONARY 1056–57 (7th ed.1999). We disagree that Appellants' conduct met this standard.

In the circuit court proceeding, Appellants had timely filed a "Motion to Vacate" that was clearly meant to direct the court's attention to errors of fact and law in the judgment of dismissal for *forum non conveniens*. The filing was in the nature of a motion for new trial or motion to amend the judgment and, thus, Appellants apparently presumed it would be treated as an authorized post-trial motion that would extend the period for filing a notice of appeal under Rule 81.05. Appellants realized their misunderstanding after filing the appeal late and then promptly sought to correct the error by seeking a special order. Under these circumstances, which caused no prejudice to Hontz, Appellants' conduct did not rise to the level of culpable neglect. This court properly exercised its discretion to grant the special order and, thereby, acquired jurisdiction to consider the appeal.

## ISSUES ON APPEAL

### 1. Doctrine of *Forum Non Conveniens*

■ In their first point on appeal, Appellants contend the circuit court erred in dismissing the wrongful death and survival claims on grounds of *forum non conveniens* because there was no showing that Buchanan County was a seriously or oppressively inconvenient location that lacked any nexus with the parties.

■ We apply the abuse of discretion standard in reviewing a dismissal on the basis of *forum non conveniens*. *Campbell v. Francis*, 258 S.W.3d 94, 96 (Mo.App. 2008). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to indicate a lack of careful consideration. *Id.* at 96–97.

Under the doctrine of *forum non conveniens,* a trial court has discretion to refuse to exercise jurisdiction, when jurisdiction and venue are otherwise proper, if the forum is seriously inconvenient for trial of the action and a more appropriate forum is available to the plaintiff. *Id.* at 97. "The doctrine is to be applied with caution and only upon a 'clear showing of inconvenience and when the ends of justice require it.'" *Id.* (*citing State ex rel. Ford Motor Co. v. Westbrooke,* 12 S.W.3d 386, 394 (Mo.App.2000)). The plaintiff's forum choice should not be disturbed except for "'weighty reasons,'" and the case should be dismissed only if the balance is "'strongly in favor of the defendant.'" *Id.* (*quoting Taylor v. Farmers Ins. Co.,* 954 S.W.2d 496, 501 (Mo.App.1997)).

There are six important, but non-exclusive, factors the trial court should weigh in analyzing whether a lawsuit should be dismissed on grounds of an inconvenient forum:

(1) The place where the cause of action accrued;

(2) The location of witnesses;

(3) The residence of the parties;

(4) Any nexus with the place of the lawsuit;

(5) The public factor of the convenience to and burden on the court; and

(6) The availability to the plaintiff of another court with jurisdiction over the cause of action that affords him a forum for his remedy.

*State ex rel. Wyeth v. Grady,* 262 S.W.3d 216, 220 (Mo.banc 2008). There may be additional factors in light of the particular circumstances of each case. *Id.* Ultimately, the relevant factors must first be considered as to whether they weigh heavily in favor of applying the doctrine of *forum non conveniens,* and then as to whether a trial in Missouri would be oppressive to the defendants and unduly burdensome for Missouri courts. *Id.* at 220–21.

The circuit court found that four of the relevant factors clearly favored the dismissal motion: the cause of action accrued in Kansas where the accident occurred; most of the witnesses are located in Kansas; all of the parties reside in Kansas; and two potential forums are available in Kansas—Doniphan County, where the parties reside, and Brown County, where the accident occurred. In assessing the last three of these factors, however, the court failed to consider the timing of the dismissal and the proximity of the parties and witnesses to St. Joseph as compared to other potential forums.

The mere fact of witness location in another state besides Missouri does not conclusively establish the issue favorably to the defendant. *Anglim v. Mo. Pac. R.R. Co.,* 832 S.W.2d 298, 304 (Mo.banc 1992). In this case, discovery is complete and depositions of all parties, witnesses, medical and law enforcement personal have been taken. The parties have designated the deposition testimony to be read at trial, and none of the non-party witnesses are expected to testify. The only live witnesses anticipated at trial are the parties—Natalie and Bryan Adkins and Jill Hontz—and two experts retained by the Plaintiffs. The practical problems that generally arise from summoning witnesses across state lines do not exist in this case. *Campbell,* 258 S.W.3d at 97–98. There is no indication that any witnesses would be inconvenienced by the trial location in Missouri. Accordingly, this factor does not weigh heavily in favor of dismissal.

Despite the residency of all parties in Kansas, the record also does not suggest that St. Joseph is an inconvenient forum for them. Wathena, Kansas, the home of Hontz, is located only seven miles from St. Joseph. Both Hontz and Natalie Adkins

work in St. Joseph. The other available forums in Kansas are no more convenient, as the court in Doniphan County is located eight miles from Wathena, and the court in Brown County is thirty-three miles away. These distances are more significant for the parties' attorneys, all of whom have offices in the greater Kansas City area, which is fifty miles from St. Joseph and even further from the courts in Doniphan and Brown counties. While the convenience to counsel is of minimal significance, it is important to consider the proximity of the parties to the chosen forum as a relevant factor based on the particular circumstances of this case. *See Loftus v. Lee,* 308 S.W.2d 654, 661 (Mo.1958); *Campbell,* 258 S.W.3d at 97; *Taylor,* 954 S.W.2d at 501–02. Because St. Joseph may actually be a more convenient forum than the nearest Kansas courts, the residence of the parties and the availability of other courts are not factors that weigh in favor of dismissal.

This leaves two other factors for consideration: the nexus with the chosen forum and the burden upon the court. The trial court found that the "greater nexus" of the case was in Kansas. But that is not the applicable test. All that is required is a showing of "*any* nexus" *Anglim,* 832 S.W.2d at 302, or "*some* nexus" *Besse v. Mo. Pac. R.R. Co.,* 721 S.W.2d 740, 742 (Mo.banc 1986), or "a 'nexus' of community integration" with the place of the lawsuit. *Loftus,* 308 S.W.2d at 660. *Anglim* and *Besse* differ factually from the instant case in holding that a corporation's "residence" provides a sufficient nexus to deny dismissal for *forum non conveniens. Loftus* and *Campbell,* however, are more instructive in addressing situations where litigation was brought in Missouri for events occurring in neighboring communities across the state line in Kansas (*Loftus*) and in Iowa (*Campbell*). In both cases, the courts concluded that the proximity of the forum to the location of the events,

even though in a different state, weighed against dismissal. *Loftus,* 308 S.W.2d at 661; *Campbell,* 258 S.W.3d at 99. We reach the same conclusion here, given the close proximity of St. Joseph to the location where the accident occurred and the residences of the parties.

With regard to whether the lawsuit would place a burden on Buchanan County, the circuit court found this factor weighed in favor of dismissal because the impending trial would likely take more than the three days estimated by Plaintiffs' counsel and might require the postponement of other cases on the docket. The record does not support the court's speculation concerning a longer trial. The trial was set for three days by agreement of the parties nearly a year in advance. Facts related to the accident were not in dispute, and the primary issue for trial was the timing of Malorie's death as related to the survival claim. At the pretrial conference, the estimated length of trial was confirmed based on the parties' expectation of presenting 145 pages of deposition testimony and live testimony from only five witnesses. The case had been pending in Buchanan County for nearly two years and, at that point, if the court believed the trial might take longer than three days, a far less prejudicial solution would have been to re-set the case for another date, rather than dismissing it under a convenience doctrine that should be applied with "caution." *Loftus,* 308 S.W.2d at 661.

We find it particularly troubling that this case was dismissed only a few days before the trial was to begin. Certainly the focus of a *forum non conveniens* analysis is oppression to the defendant, *Westbrooke,* 12 S.W.3d at 393, but we must also be careful not to unnecessarily delay the proceeding and impose unreasonable burdens on the plaintiffs:

Delay, particularly in personal injury actions, favors the defendant. And the added expense and difficulties of commencing a suit anew in another state may be sufficient to wipe out a plaintiff's claim. Often these factors will make outright dismissal of a suit improper.... Caution must be exercised in every case if the plea of *forum non conveniens* is not to become a powerful weapon in the hands of a defendant who is seeking to avoid his obligations.

*Loftus,* 308 S.W.2d at 661 (internal citation omitted). The expense and delay of a dismissal, particularly when discovery has been completed and the parties are ready for trial, is a significant factor for this court weighing against dismissal.

Section 507.020 RSMo.2000 provides that Missouri courts shall be open to suits between non-residents concerning causes arising under the laws of another state. Non-residents have a constitutional and statutory right to litigate their claims here, and our state courts have a clear duty to provide a forum and a fair trial in conformity with established principles. *Loftus,* 308 S.W.2d at 656–60. That duty should be avoided only with reasoned discretion and caution. *Id.* at 661. " '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Id.* at 659 (*quoting Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

Considering all of the relevant factors, the record does not establish that Buchanan County is a seriously inconvenient forum for the trial of this matter or that a more convenient forum is available. We conclude that the circuit court abused its discretion in dismissing the consolidated claims on the basis of *forum non conveniens.* The judgment is reversed, and the cause is remanded for further proceedings.

**2. Partial Summary Judgment**

In Point II, the Estate contends the court erred in granting partial summary judgment against the punitive damages claim. In light of our reversal of the dismissal judgment and remand under Point I, the case will remain pending and the circuit court's partial summary judgment ruling is interlocutory. We cannot consider Point II because the partial summary judgment is not a final judgment and, thus, does not meet the statutory prerequisite for appellate review. *Norwine v. Norwine,* 75 S.W.3d 340, 343–44 (Mo.App.2002); § 512.020 RSMo.2000.

### CONCLUSION

The judgment of dismissal is reversed, and the cause is remanded to the circuit court for further proceedings.

All Concur.