

# MISSOURI COURT OF APPEAL
## WESTERN DISTRICT

| | | |
|---|---|---|
| **MARY CRAWFORD AND** | ) | |
| **JASON CRAWFORD,** | ) | **WD85628** |
| | ) | |
| Appellants, | ) | **OPINION FILED:** |
| **v.** | ) | |
| | ) | **March 21, 2023** |
| **FAMILY TREE, INC.,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
Honorable Marco Roldan, Judge**

**Before Division One: Anthony Rex Gabbert, Presiding Judge,
W. Douglas Thomson, Judge and Janet Sutton, Judge**

Mary and Jason Crawford appeal from the judgment of the Jackson County Circuit Court (trial court) dismissing their civil case for damages against Family Tree, Inc. (Family Tree) on the basis of *forum non conveniens*. For reasons explained herein, we reverse and remand.

## Factual and Procedural Background

In late March 2022, Mary Crawford went to Family Tree's garden center in Shawnee, Kansas, and while walking to the entrance she fell and was injured. In early June 2022, Mary Crawford and her husband, Jason Crawford, (the Crawfords)

filed a petition for damages against Family Tree in Jackson County, Missouri, alleging negligence, premises liability, and loss of consortium.

Family Tree filed an answer to the petition, and on the same day also filed a motion to dismiss on the basis of *forum non conveniens*. The motion was two sentences, which read in its entirety: "Defendant Family Tree, Inc. moves the [c]ourt to dismiss this action under the doctrine of *forum non conveniens*. Defendant incorporates its Suggestions in Support of Defendant's Motion to Dismiss." Family Tree filed its accompanying suggestions in support, with one attached exhibit, an internet print-out for Family Tree's garden center location in Liberty, Missouri. The Crawfords filed suggestions in opposition to the motion to dismiss with one attached exhibit, which was Family Tree's application for Certificate of Authority filed with the Missouri Secretary of State's office in 2021.

The Crawfords opposed the motion to dismiss, contending that Family Tree failed to prove that the factors in *State ex rel. Chicago, Rock Island & Pac. R.R. Co. v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970), discussed *infra*, weighed heavily in Family Tree's favor and that Family Tree failed to demonstrate that permitting the case to be tried in Jackson County would be oppressive, prejudicial, and manifestly unjust. Discovery was not conducted before the motion to dismiss was filed, and it does not appear that any occurred after.

The trial court did not hold a hearing on Family Tree's motion to dismiss, but notified the parties that it intended to grant the motion to dismiss and requested Family Tree submit a proposed judgment. Family Tree submitted a proposed

judgment to the trial court, and the Crawfords filed an objection on the basis that it contained facts not introduced into evidence and misstatements of the law.

On August 10, 2022, the trial court entered its judgment granting Family Tree's motion to dismiss on the basis of *forum non conveniens*. The trial court considered the *Riederer* factors and found that all but one, the location of the witnesses, weighed in favor of dismissal.

The Crawfords appeal.

## Standard of Review

We review a dismissal based on *forum non conveniens* for an abuse of discretion. *Rabago v. Kansas City S. Inc.,* 589 S.W.3d 97, 100 (Mo. App. E.D. 2019); *Adkins v. Hontz*, 280 S.W.3d 672, 675 (Mo. App. W.D. 2009). "An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to indicate a lack of careful consideration." *Adkins*, 280 S.W.3d at 675. The trial court has broad discretion, but it is not unlimited and it must be applied with control. *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008). "[I]f reasonable persons may differ as to the propriety of an action taken by the trial court, then it cannot be held that the trial court has abused its discretion." *Id.* We consider "'only those facts . . . that were before the trial court when it ruled on the motion to dismiss, and the evidence will be viewed in a light favorable to the result of the trial court.'" *Id*. (quoting *Anglim v. Mo. Pac. R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992)).

**Legal Analysis**

In their first point on appeal, the Crawfords contend that the trial court erred in entering a dismissal based on *forum non conveniens* because Family Tree did not establish and support with evidence that the Crawfords' forum choice was manifestly inconvenient. In their second point on appeal, the Crawfords contend the trial court erred in dismissing their claims because the *Riederer* factors do not support a finding of inconvenience as the two venues where the suit could have been brought are contiguous and it is not inconvenient for Family Tree to defend this "neighborhood litigation." Family Tree argues that dismissal under *forum non conveniens* was appropriately based on the "uncontroverted" allegations in the Crawfords' petition and that Family Tree did not need to present additional evidence. We discuss the Crawfords' points on appeal together.

The doctrine of *forum non conveniens* permits a trial court to dismiss an action if the forum is seriously inconvenient and there is a more appropriate forum available to the plaintiff, even if venue and jurisdiction are otherwise proper. *Adkins*, 280 S.W.3d at 676; *Campbell v. Francis*, 258 S.W.3d 94, 97 (Mo. App. W.D. 2008). "The doctrine is to be applied with caution and only upon a 'clear showing of inconvenience and when the ends of justice require it.'" *Campbell*, 258 S.W.3d at 97 (quoting *State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386, 394 (Mo. App. S.D. 2000)). "[A] plaintiff's choice of forum is not to be disturbed except for 'weighty reasons' and the case should be dismissed only if the 'balance is strongly in favor' of the defendant.'" *Wyeth*, 262 S.W.3d at 220 (quoting *Anglim*, 832 S.W.2d at 302).

4

## I.        The *Riederer* Factors

A trial court should weigh six important, but non-exclusive, factors in determining whether a suit should be dismissed on the grounds of an inconvenient forum. *Riederer*, 454 S.W.2d at 39; *Wyeth*, 262 S.W.3d at 220. They are: (1) the place where the cause of action accrued; (2) the location of witnesses; (3) the residence of the parties; (4) any nexus with the place of suit; (5) the public factor of the convenience to and burden on the court; and (6) the availability to the plaintiff of another court with jurisdiction over the cause of action that affords the plaintiff a forum for his or her remedy. *Riederer,* 454 S.W.2d at 39.

"[T]he weight to be given any one factor may be different depending upon the facts and circumstances of each case." *Taylor v. Farmers Ins. Co., Inc.,* 954 S.W.2d 496, 500 (Mo. App. S.D. 1997); s*ee also Anglim*, 832 S.W.2d at 302–03. There may be additional factors to consider "in light of the particular circumstances of each case." *Adkins*, 280 S.W.3d at 676. The "relevant factors must first be considered as to whether they weigh heavily in favor of applying the doctrine of *forum non conveniens*, and then as to whether a trial in Missouri would be oppressive to the defendants and unduly burdensome for Missouri courts." *Id.* "The defendant has the burden of establishing all factors supporting a claim that a Missouri court is an inconvenient forum." *Wyeth*, 262 S.W.3d at 228 (Clark, J., concurring) (citation omitted); *Anglim*, 832 S.W.2d at 305.

Applying the first factor to the facts of the case here, the cause of action did not accrue in Missouri. Crawford visited the Family Tree's garden center in

Shawnee, Kansas where she was allegedly injured while walking to the front doors. This factor weighs in favor of dismissal under *forum non conveniens.*

The second factor is the location of the witnesses. *Riederer,* 454 S.W.2d at 39. In its suggestions to its motion to dismiss*,* Family Tree indicated that "the witnesses that would testify to the elements necessary to establish [p]laintiffs' claims are located in Kansas. At this early point in the litigation, there are no known witnesses located in Missouri." The trial court found, "It is unclear at this early point in the litigation if there are any witnesses located in Missouri." The location of the witnesses does not weigh in favor of dismissal because, as the Crawfords point out, the names of witnesses have not been disclosed, and the names were not contained in their petition. Therefore, it follows, that Family Tree cannot establish that any witnesses would be "inconvenienced" by appearing in Jackson County for trial. This factor does not weigh in favor of dismissal under *forum non conveniens.*

The third factor is residence of the parties. *Riederer,* 454 S.W.2d at 39. In its reply to Crawfords' suggestions in opposition to the motion to dismiss, Family Tree claimed that although it had a Missouri presence, it was only a resident for venue and jurisdiction purposes, but not for *forum non-conveniens* purposes. The trial court acknowledged the following:

> While Family Tree may be a Missouri resident for purposes of venue and jurisdiction, it is not a Missouri resident for purposes of *forum non conveniens* analysis. Family Tree was created under the laws of Kansas, has its headquarters in Kansas, and does its principal place of business is in Kansas. There are no corporate activities that are relevant to this case which Family Tree conducts in Missouri.

The trial court summarily found that all of the parties are Kansas residents, and that this weighed in favor of dismissal. While Family Tree is a Kansas corporation, it

6

fails to acknowledge that by availing itself of the ability to do business in Missouri, it also becomes a Missouri resident for purposes of the venue statutes.

Family Tree, a foreign corporation authorized to transact business in the state, is required under Missouri law to continuously maintain in the state: (1) a registered office that may be the same as any of its places of business; and (2) a registered agent, who may be an individual who resides in this state and whose business office is identical with the registered office. § 351.586.[1] There is no support for the trial court's distinction that while Family Tree is a Missouri resident for venue and jurisdiction purposes, it is not for a *forum non conveniens* analysis. Here, the trial court discounted both that Family Tree operates a garden center in Clay County, Missouri and that it has its registered agent in Jackson County, Missouri. There is no evidence that Family Tree has "so significantly limited its Missouri operations that it may not be considered a Missouri resident in the context of the *Riederer* factors." *Anglim*, 832 S.W.2d at 304. This factor does not weigh in favor of Family Tree.

The fourth factor is whether there is any nexus with the place of the suit. *Riederer,* 454 S.W.2d at 39. The trial court found there was no "substantial nexus between the allegations and Missouri" and that there were "significant connections" between the allegations and Kansas. But whether there is a "substantial" nexus is not the applicable test. "All that is required is a showing of '*any* nexus' or 'some nexus,' or a 'nexus of community integration' with the place of the lawsuit." *Adkins*, 280 S.W.3d at 677 (citations omitted). Here, there is a sufficient nexus to deny dismissal

---

[1] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated through the 2020 Cumulative Supplement.

because (1) the suit was brought in a forum in close proximity to where the events allegedly occurred and (2) Family Tree operates a business with multiple locations across the Kansas City metro area, one of which is in Missouri, and Family Tree designated a registered agent for service of process and venue purposes in Jackson County, Missouri.

Loftus[2] and Campbell[3] are "instructive in addressing situations where litigation was brought in Missouri for events occurring in neighboring communities across the state line in Kansas (Loftus) and in Iowa (Campbell)." Adkins, 280 S.W.3d at 677. In Loftus and Campbell, the courts concluded that the forum's proximity to the location of the events, even though in a different state, weighed against dismissal on the basis of forum non conveniens. Loftus v. Lee, 308 S.W.2d 654, 661 (Mo. 1958); Campbell, 258 S.W.3d at 98-99. We reach the same conclusion here, given the close proximity of the chosen forum, Jackson County, to the location where the accident allegedly occurred. Although the trial court did not take judicial notice of the distance at issue, we may do so. See State v. Barac, 558 S.W.3d 126, 132 n.3 (Mo. App. W.D. 2018) (noting that an appellate court may take judicial notice of current history, geographical facts, and of facts commonly known to all). The driving distance between the Johnson County, Kansas and Jackson County, Independence, Missouri, courthouses is approximately 32 miles. This "proximity of the forum to the location of the events, even though in a different state, weigh[s] against dismissal." Adkins, 280 S.W.3d at 677. Family Tree, in their brief, even acknowledges the "close

---

[2] Loftus v. Lee, 308 S.W.2d 654 (Mo. 1958).

[3] Campbell v. Francis, 258 S.W.3d 94 (Mo. App. W.D. 2008).

8

proximity" between Johnson County, Kansas and Jackson County, Missouri. Additionally, Johnson County, Kansas and Jackson County, Missouri, are contiguous counties, each part of the greater Kansas City metropolitan area which share the state line as a border. Under the facts of this case, and at this early point in litigation, the minimal distance between Johnson County, Kansas and Jackson County, Missouri is not a "weighty reason" that shows clear inconvenience that would allow the Crawfords' chosen forum to be disturbed.

Additionally, it is reasonable for Family Tree to expect to be sued in the county where its registered agent is located. *See* § 508.010.5(1) (providing that where the place of first injury is outside Missouri, and if the defendant is a corporation, then venue "shall be in any county where a defendant corporation's registered agent is located. . . ."). A sufficient nexus exists with the place of the suit, and this factor does not weigh in favor of dismissal.

The fifth *Riederer* factor is the public factor of convenience to and burden on the court. *Riederer,* 454 S.W.2d at 39. The trial court found that placing this case in the hands of Missouri jurors to determine liability for an alleged injury that occurred in Kansas would be "unreasonable," and that Missouri jurors and the court would be "inconvenienced" by applying Kansas law. The trial court concluded that the case should be decided by "Kansas jurors and paid for by Kansas taxpayers" and that to litigate the case in Missouri would "heavily inconvenience" the court and Missouri residents.

> Statistical data may be submitted to support a claim that the caseload of the trial court is so overwhelming that the case cannot be expeditiously litigated in the jurisdiction where the case is filed. Such matters as taxpayer cost, jury time, the necessity to interpret and apply the law of a

9

foreign jurisdiction, and similar facts may be offered and weighed by the trial court. In addition, the trial court may take notice of the congestion of its own docket.

*Anglim*, 832 S.W.2d at 304.

Here, Family Tree offered no statistical data, and the trial court did not take judicial notice that the dockets in Jackson County, Missouri, were heavily congested, thereby supporting the proposition that litigating the case would impose a burden on the trial court. Further, the trial court's reference to applying Kansas law and the inconvenience that it could cause a Missouri jury or court would not alone justify dismissing Crawford's case. "Missouri courts are capable of applying the laws of other states without creating an undue burden on the court system." *Taylor*, 954 S.W.2d at 502. "The mere fact that the trial court must apply a foreign jurisdiction's law to an action does not burden the court enough to support a dismissal." *Campbell*, 258 S.W.3d at 99. Accordingly, this factor does not weigh in favor of dismissal.

Finally, the sixth factor—the availability of another court with jurisdiction affording a forum for plaintiff's remedy. *Riederer,* 454 S.W.2d at 39. In their brief to this Court, the Crawfords admit they could have filed their claims in Kansas. Family Tree asserts that all the evidence the trial court needed to rule on the motion to dismiss was contained in the "uncontroverted" allegations in the Crawfords' petition, but the fact that Kansas was an available forum was not part of the Crawfords' petition. In its judgment, the trial court summarily concluded that Kansas provides an available forum, that it is the most convenient forum for the Crawfords, that the Crawfords have the ability to bring suit in Kansas, and that it is where "witnesses and evidence are more readily accessible." The trial court made these conclusions without any evidence in support. No discovery had been conducted to

10

identify witnesses and evidence so it would be impossible for the trial court to predict which location would be more accessible or convenient. Therefore, this factor does not weigh in favor of dismissal.

In this case, it appears that the trial court's conclusions on the factors were framed by Family Tree's assertions that were not supported by evidence. Family Tree contends the Crawfords' petition contained ample facts to support dismissal for *forum non conveniens* and that the trial court was permitted to rely on the uncontroverted allegations in the petition, and that the petition itself provided the necessary facts to make the evaluation. This, however, ignores the fact that allegations in the petition were not uncontroverted. Family Tree filed an answer and specifically denied many of the allegations in the petition. The Crawfords' residence was one of the only *Riederer* factors that weighed in favor of dismissal but even this was an allegation in the petition that Family Tree denied in its answer.

"In deciding whether to dismiss [for *forum non conveniens*], a trial court necessarily must determine facts and, in doing so, weighs evidence and assesses the credibility of witnesses as to the reasons given for selecting or opposing a particular forum." *Anglim*, 832 S.W.2d at 303. Here, the trial court had no evidence to weigh nor witness testimony to assess credibility. Family Tree failed to establish that the *Riederer* factors weighed heavily in its favor, and the trial court abused its discretion when it dismissed the cause of action on the basis of Missouri being an inconvenient forum for a resolution of the matter.

11

## II.     Oppression to Family Tree or Undue Burden on Missouri Courts

In addition to the *Riederer* factors, we also consider "whether trial in Missouri would be oppressive to the defendants" or would impose an "undue burden on Missouri courts." *Wyeth*, 262 S.W.3d at 220-21; *Anglim*, 832 S.W.2d at 303. "[T]here are two primary considerations in the *forum non conveniens* analysis. In determining whether the forum is inconvenient, courts shall consider both the private interests of the litigants and the public interest factors." *Wyeth*, 262 S.W.3d at 220. Family Tree failed to demonstrate that permitting this case to be tried in Jackson County would be oppressive or an undue burden on Missouri courts. As we have already said, Family Tree contends that the allegations in the Crawfords' petition were sufficient to establish the grounds necessary to dismiss on *forum non conveniens* grounds, but the Crawfords' petition did not contain any allegations about oppression to Family Tree or an undue burden to a Missouri court.

Family Tree argues that Missouri is an inconvenient forum, primarily because it contends that five out of the six *Riederer* factors weigh in favor of dismissal. We have already concluded that the *Riederer* factors do not weigh in favor of dismissal. We must also stress that in so arguing this contention, Family Tree has not provided any factual information about the nature of that inconvenience. Further, Family Tree has not shown that the Crawfords' filing and maintenance of the suit in Missouri was for the purpose of vexing, oppressing, or harassing Family Tree, which the doctrine of *forum non conveniens* was intended to prevent. *Anglim*, 832 S.W.2d at 302. Similarly, the trial court in its judgment concluded, without any evidence in support, that Jackson County was a "substantially inconvenient" forum to adjudicate the Crawfords' claims.

12

Here, Family Tree has not provided facts which were before the trial court and which convince us that a trial in Missouri would be oppressive to Family Tree or which would pose an undue burden on a Missouri court. We could reach that conclusion only through speculation and not based on a record supported by facts. The Crawfords' petition alone, and Family Tree's answer, do not provide any evidence of oppression to Family Tree or undue burden on a Missouri court. Family Tree has not provided any case law supporting a dismissal based on *forum non conveniens* relying solely on those type of pleadings alone.[4]

> Section 507.020 provides that Missouri courts shall be open to suits between non-residents concerning causes arising under the laws of another state. Non-residents have a constitutional and statutory right to litigate their claims here, and our state courts have a clear duty to provide a forum and a fair trial in conformity with established principles. . . That duty should be avoided only with reasoned discretion and caution. . . [U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

---

[4] Compare the following cases in which there were varying forms of evidence from which the court made its decision to proceed or dismiss on the basis of *forum non conveniens*: *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216 (Mo. banc 2008) (exhibits attached); *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189 (Mo. banc 1992) (affidavits); *Anglim v. Mo. Pac. R.R. Co.*, 832 S.W.2d 298 (Mo. banc 1992) (affidavits); *Rabago v. Kansas City S., Inc.*, 589 S.W.3d 97 (Mo. App. E.D. 2019) (evidentiary hearing); *Adkins v. Hontz*, 280 S.W.3d 672 (Mo. App. W.D. 2009) (depositions, completed discovery); *Campbell v. Francis*, 258 S.W.3d 94 (Mo. App. W.D. 2008) (evidentiary hearing, defendant testified at hearing); *Chandler v. Multidata Sys. Int'l Corp., Inc.*, 163 S.W.3d 537 (Mo. App. E.D. 2005) (extensive discovery, evidentiary hearing); *State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386 (Mo. App. S.D. 2000) (affidavit); *State ex rel. Kansas City S. Ry. Co. v. Mauer*, 998 S.W.2d 185 (Mo. App. W.D. 1999) (affidavit); *Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496 (Mo. App. S.D. 1997) (stipulated facts); *Connour v. Burlington N. R.R. Co.*, 889 S.W.2d 138 (Mo. App. W.D. 1994) (verified motion and affidavits); *Herchert v. Marriott Corp.*, 867 S.W.2d 230 (Mo. App. E.D. 1993) (affidavits); *Tempmaster Corp. v. Elmsford Sheet Metal Works, Inc.*, 800 S.W.2d 45 (Mo. App. W.D. 1990) (affidavits); *Meyerkord v. English*, 758 S.W.2d 70 (Mo. App. E.D. 1988) (verified motion, interrogatories, answers).

*Adkins*, 280 S.W.3d at 678 (citations omitted).

Here, the trial court's judgment stated that the Crawfords provided no reason for bringing their suit in Jackson County, Missouri, rather than Johnson County, Kansas, where the accident occurred. The plaintiff does not bear the burden of justifying his or her choice of forum in a *forum non conveniens* case. *See Anglim*, 832 S.W. 2d at 305 (reiterating that the doctrine of *forum non conveniens* is neither abandoned nor modified and rejecting "the suggestion that the rule be modified so that whenever litigation is between out-of-state residents over causes of actions that arose out of state, a plaintiff must bear the burden of justifying the choice of forum."). And, while a plaintiff does not have an "unlimited right" to select the forum, "a plaintiff's freedom to select a forum is significant." *Barrett v. Mo. Pac. R.R. Co.*, 688 S.W.2d 397, 399 (Mo. App. E.D. 1985). "'*[F]orum non conveniens* is an arm of the courts of this State to be applied with caution and only upon a clear showing of inconvenience of forum and when the ends of justice require it.'" *Riederer*, 454 S.W.2d at 38 (quoting *Loftus*, 308 S.W.2d at 661).

Considering that *forum non conveniens* should be applied with caution and only upon a clear showing of inconvenience and when the ends of justice require it, we conclude that Family Tree did not make such a showing. The *forum non conveniens* factors do not weigh heavily in favor of dismissal, and Family Tree failed to establish that permitting the case to be tried in Jackson County, Missouri would be oppressive to Family Tree or would impose an undue burden on a Missouri court. The trial court abused its discretion in granting the motion to dismiss on the basis of *forum non conveniens*.

Points I and II are granted.

**Conclusion**

The judgment of dismissal is reversed, and the cause is remanded to the trial court for further proceedings.

_____
Janet Sutton, Judge

Anthony Rex Gabbert, Presiding Judge, and Douglas Thomson, Judge concur.